ORIGINAL



Territorial Law Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0500-11 |
| v. | ) |
| MARTIN YONBAY DAFROW, | ) **DECISION AND ORDER ON** |
| | ) **DEFENDANT'S MOTION FOR** |
| | ) **DIVERSION** |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III, on December 20, 2011, on Defendant's Motion for Diversion. Attorney Maria G. Fitzpatrick represented Defendant, Martin Yonbay Dafrow. Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On September 16, 2011, Defendant was charged by indictment with the following: two counts of Terrorizing (as a 3rd Degree Felony); two counts of Aggravated Assault (As a 3rd Degree Felony); two counts of Family Violence (As a 3rd Degree Felony); Child Abuse (As a 3rd Degree Felony); and three counts of Child Abuse (As a Misdemeanor). The charges stem from an incident in which Defendant allegedly threatened his girlfriend and swung a machete near her while she was holding the couple's infant son.

**ORIGINAL**

**ORIGINAL**

## DISCUSSION

Defendant is statutorily eligible for diversion under title 9, section 30.80 of the Guam Code. When considering an application for diversion from an eligible defendant, title 9, section 30.80.1(a) of the Guam Code directs the court to consider all relevant factors including 1) the nature and extent of the injury inflicted upon the victim, 2) any prior incidents of family violence by the defendant, and 3) any factors which would adversely influence the likelihood of successful completion of the diversion process. 9 G.C.A. § 30.80.1(a). In this case there were no physical injuries to the alleged victims, nothing indicates that Defendant has been involved in prior incidents of family violence, and this court is not aware of any factors suggesting that Defendant is not a good candidate for successful completion of the diversion process. While the nature of the charge, including the allegation involving a weapon, is troubling and weighs against diversion, this Court finds that the balance falls in favor of granting Defendant's request for diversion.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant Dafrow's Motion for Diversion. A Further Proceedings is scheduled to be heard before the Honorable Michael J. Bordallo on March 27, 2012, at 9:00 a.m.

It is **SO ORDERED** this 13th day of March, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 1 4 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

**ORIGINAL**

-2-